**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LISMAN MISAEL DE LEON GIRON<br>5012 Tuckerman Street<br>Riverdale, Maryland 20737<br><br>WILLIAM R. DE LEON GIRON<br>7981 New Riggs Road, Apt. 106<br>Adelphi, Maryland 20783<br><br>    *Plaintiffs*,<br><br>  v.<br><br>ZEYTUNA, INC.<br>2554 Virginia Avenue, N.W.<br>Washington, D.C. 20037<br><br>Serve: Mohamed T. Hyali<br>       2554 Virginia Avenue, N.W.<br>       Washington, D.C. 20037<br><br>MOHAMED T. HYALI<br>5955 White Flint Drive<br>Frederick, Maryland 21702<br><br>    *Defendants*. | Civil Action No.: 20-1977 |

**COMPLAINT**

Plaintiffs, Lisman Misael De Leon Giron ("Lisman Giron"), and William R. De Leon Giron ("William Giron") (collectively "Plaintiffs") hereby bring suit against Zeytuna Inc., ("Zeytuna") and Mohamed T. Hyali ("Hyali") (collectively "Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("the FLSA"), the District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCPCWL"), and the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA"). Plaintiffs allege as follows:

## JURISDICTION

1. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' District of Columbia law claims under 28 U.S.C. § 1367.

2. This Court has *in personam* jurisdiction over Defendants because all of them conduct business in the District of Columbia. In addition, Plaintiffs were employed in the District of Columbia within the meaning of D.C. Code § 32-1003 (b) because they worked exclusively in the District of Columbia which is where their claims arose.

## THE PARTIES

3. Plaintiff Lisman Giron is an adult resident of the State of Maryland.

4. Plaintiff William Giron is an adult resident of the State of Maryland.

5. Zeytuna is incorporated in the District of Columbia and operates a restaurant of the same name located at 2554 Virginia Avenue, N.W. Washington D.C. 20037. Zeytuna employed the Plaintiffs within the meaning of the FLSA, the DCMWRA and the DCPCWL, because, through its owners, officers and agents, it hired them, determined their rate of pay, paid them their wages, supervised them, set their work schedule, disciplined them, and maintained their employment records. Zeytuna meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

6. Hyali is an officer, director, and/or owner of Zeytuna. He is Plaintiffs' employer within the meaning of the FLSA, the DCMWRA and the DCPCWL, because: (1) he is an owner and/or officer and/or director of Zeytuna; (2) he has operational control over Zeytuna and is significantly involved in its day-to-day operations because he is the manager and works at the restaurant on a daily basis; (3) he has control over Zeytuna's corporate funds used to pay employees, including Plaintiffs, and can allocate funds as profits; (4) he set Plaintiffs' rates of pay and paid them their wages; (5) he hired the Plaintiffs; (6) he had authority to discipline the Plaintiffs; (7) he supervised Plaintiffs and determined their work schedules; (8) he maintained the Plaintiffs' employment records; and (9) he made the decision not to pay Plaintiffs an overtime premium.

## STATEMENT OF FACTS

7. William Giron worked for the Defendants at the Zeytuna restaurant beginning in or around September 2004 until March 19, 2020, when he was laid off. His duties included, but were not limited to, cooking, food preparation, running the register, cleaning and bussing tables.

8. Lisman Giron worked for the Defendants at the Zeytuna restaurant beginning in or August 2006 until March 19, 2020 when he was laid off. His duties included, but were not limited to, cooking, food preparation, running the register, cleaning and bussing tables.

9. At all times relevant to the Complaint, Defendants paid Plaintiffs strictly on an hourly basis and paid them in cash at the end of the work week. At the time they were laid off, Plaintiffs' respective hourly rate was $14.00 per hour.

10. Plaintiffs typically worked 10-12 hours per day and 6 days per week (approximately 60-72 hours of overtime per week) but were paid their regular rate for their overtime hours instead of a rate equal to one and one-half times their regular hourly rate.

11. In addition, Defendants did not pay Plaintiffs for all of the hours they worked – including straight time and overtime hours.

12. At the present time, Plaintiffs are unable to calculate the full extent of their damages because they do not possess all of their time records. Those records are in the exclusive possession of the Defendants.

## TIMELY ASSERTION OF CLAIMS

13. The applicable statute of limitations under the DCPCWL and the DCMWRA (which became effective on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous. . . ." D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the beginning to the end of Plaintiffs' employment with Defendants, Defendants failed to pay Plaintiffs an overtime premium for some work hours and failed to pay them anything at all for some hours. Given that Plaintiffs' employment ended March 19, 2020, the violations were continuous and the last violation occurred on that date and the limitations period for their wage claims under the DCMWRA and the DCPCWL will elapse on or about March 19, 2023. Therefore, Plaintiffs have asserted timely claims for violations of the DCPCWL and the DCMWRA for following period: February 26, 2015 to March 19, 2020.

14. Plaintiffs have also asserted timely wage claims under the DCMWRA and DCPCWL for violations occurring from May 27, 2015 to March 19, 2020 for another reason: the statute of limitations for their claims under these statutes was tolled beginning on May 27, 2015 and for each day thereafter, when, on a continuing basis, Defendants failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required Defendants, to provide written notice to Plaintiffs of,

4

*inter alia*, their overtime rate of pay and any exemption that applies to them. Defendants were required to comply with this written notice provision within 90 days after the statutory amendments took place – no later than May 27, 2015 and within 30 days of any change in that rate. *See* D.C. Code § 32-1008 (d)(1)(A). At no time during Plaintiffs' employment with Defendants did they comply with the notice provisions by providing Plaintiffs with written notice of their overtime rate of pay or any applicable exemption (Plaintiffs did not even get paystubs). Since Defendants failed to provide the required written notice to Plaintiffs, the statute of limitations in § 32-1308 (c) was tolled on May 27, 2015 (and for each day thereafter). This also means that Plaintiffs have timely unpaid wage claims for following time frame: May 27, 2015 to the end of Plaintiffs' employment. *See* D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section"). Therefore, Plaintiffs have asserted timely claims for violations of the DCPCWL and the DCMWRA for following period: May 27, 2015 to March 19, 2020.

## COUNT I
## VIOLATIONS OF THE FLSA

13. Plaintiffs re-allege and incorporate herein the allegations contained in the paragraphs above.

14. At all times relevant to the Complaint, Plaintiffs were employees of all Defendants within the meaning of the FLSA.

15. At all times relevant to the Complaint, Defendants were Plaintiffs' employers within the meaning of the FLSA.

16. Defendants violated the FLSA by knowingly failing to pay Plaintiffs an overtime premium for their overtime hours – *i.e.* one and one-half times their regular hourly rate for each hour over 40 that they worked each workweek.

17. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to Plaintiffs for liquidated damages and the statute of limitations under the FLSA is extended to three years.

18. Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime, plus an additional equal amount as liquidated damages, court costs, and reasonable attorneys' fees and expenses.

19. The precise amount owed to the Plaintiffs by Defendants cannot be calculated at this time because Plaintiffs and their counsel do not possess all of Plaintiffs' time records, which are in the exclusive possession of Defendants.

## COUNT II
## VIOLATIONS OF THE DCMWRA

20. Plaintiffs re-allege and incorporate by reference herein the allegations contained in the paragraphs above.

21. At all times relevant to the Complaint, Plaintiffs were "employees" of Defendants within the meaning of D.C. Code § 32-1002 (2).

22. At all times relevant to the Complaint, Defendants were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1002 (3).

23. Defendants violated the DCMWRA by failing to pay Plaintiffs an overtime premium for their overtime hours during the entire time Plaintiffs were employed by Defendants.

24. As a result of the violations of the DCMWRA by Defendants, they are liable for Plaintiffs' unpaid overtime wages from May 27, 2015 to the end of Plaintiffs' employment, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809

F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

25. The precise amount owed to the Plaintiffs by Defendants cannot be calculated at this time because Plaintiffs do not possess all of their time records, which are in the exclusive possession of Defendants.

## COUNT III
## VIOLATIONS OF THE DCPCWL

26. Plaintiffs re-allege and incorporates herein the allegations contained in the paragraphs above.

27. At all times relevant to the Complaint, Plaintiffs were "employees" of Defendants within the meaning of D.C. Code § 32-1301 (2).

28. At all times relevant to the Complaint, Defendants were "employers" of Plaintiff within the meaning of D.C. Code § 32-1301 (1B).

29. Defendants violated the DCPCWL by failing to pay Plaintiffs anything at all for some of their hours of work (including straight-time hours and overtime hours).

30. As a result of the violations of the DCPCWL by Defendants, they are liable for Plaintiffs' unpaid wages from May 27, 2015 to the end of their employment, liquidated damages equal to three times the unpaid wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

31. The precise amount owed to the Plaintiffs by Defendants cannot be calculated at this time because Plaintiffs do not possess all of their time records, which are in possession of Defendants.

**RELIEF REQUESTED**

Plaintiffs requests the following relief:

A. enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on their violations of the FLSA, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight time wages, plus an amount equal to their unpaid overtime wages as liquidated damages;

B. enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on their violations of the DCMWRA and the DCPCWL, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages, plus an amount equal to three times the amount of unpaid wages as liquidated damages;

C. enter a judgment against Defendants, jointly and severally, award Plaintiff his costs incurred in this action and attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

_____/s/_____
Suvita Melehy
DC Bar No.: 457435
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
Telephone:   (301) 587-6364
Facsimile:   (301) 587-6308
e-mail:   smelehy@melehylaw.com
*Attorney for Plaintiffs*